UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL BELL and FELICIA BELL,
individually and as next friends of MICHAEL
BELL, II a minor and KIFFANIE BELL, a
minor,
        Plaintiffs,

-vs-                          Case No. 6:04-cv-1072-Orl-19KRS

UNIVERSAL CITY DEVELOPMENT
PARTNERS, L.T.D., d/b/a UNIVERSAL'S
ISLANDS OF ADVENTURE, UNIVERSAL
STUDIOS, INC., a Delaware Corporation, and
JOHN DOES A through G,
        Defendants.
_____

## ORDER

This case comes before the Court on Defendant Universal City Development Partners, L.T.D., d/b/a Universal's Island's of Adventure's Motion to Dismiss Amended Complaint and Memorandum of Law (Doc. No. 20, filed Nov. 2, 2004) and Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss (Doc. No. 24, filed Dec. 3, 2004).

### Background

Plaintiffs allege that on July 15, 2000, they were paying customers of Defendant's Islands of Adventure Theme Park when Plaintiff Michael Bell, II, a minor child, was thrown to the ground and into a pole by an amusement ride in which he was riding with his sister, Plaintiff Kiffanie Bell, also a minor child. (Doc. No. 19, filed Oct. 26, 2004, ¶¶ 11–12). As a result of this incident, Michael Bell, II allegedly has suffered and in the future may continue to suffer injury, pain, anxiety, mental anguish and other intangible losses. (*Id.* at ¶¶ 13, 24). According to the complaint, the child's sister, Kiffanie Bell, witnessed the accident, and his parents, Plaintiffs

Michael Bell and Felicia Bell, "witnessed their child's agony resulting from" the accident. (*Id.* at ¶¶ 14–15). Kiffanie, Felicia and Michael Bell allege that they consequently "have suffered concern [for] Michael [II]'s physical and mental well-being" and "may in the future continue to undergo suffering, anxiety, mental anguish and other such intangible losses." (*Id.* at ¶¶ 16, 25). Additionally, parents Felicia and Michael Bell allege that they have incurred and may continue to incur costs related to their son's medical treatment, hospitalization, medicines, and physical and psychological testing necessitated by his injuries resulting from the incident at Defendant's theme park. (*Id.* at ¶ 26). Plaintiffs initiated this lawsuit seeking recovery under theories of negligence and negligent infliction of emotional distress (Count I), and products liability (Count II). (*Id.*). Defendant now moves for dismissal of the complaint for failure to state a claim upon which relief can be granted. (Doc. No. 20).

## Standard of Review

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Furthermore, the Court must limit its consideration to the pleadings and written instruments attached as exhibits thereto. *Fed R. Civ. P.* 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

**Discussion**

*Negligence and Negligent Infliction of Emotional Distress*

Defendant does not contest the sufficiency of allegations supporting Michael Bell, II's negligence-based claims arising from his accident on Defendant's amusement ride. However, Defendant argues that on the face of the complaint, Kiffanie, Felicia and Michael Bell have failed to plead the requisite facts to state their own causes of action for negligent infliction of emotional distress resulting from the same incident. (Doc. No. 20, pp. 3–4).

The Supreme Court of Florida has set forth the following elements of a claim for negligent infliction of emotional distress:

> (1) the plaintiff must suffer a physical injury; (2) the plaintiff's physical injury must be caused by the psychological trauma; (3) the plaintiff must be involved in some way in the event causing the negligent injury to another; and (4) the plaintiff must have a close personal relationship to the directly injured person.

*Zell v. Meek*, 665 So.2d 1048, 1054 (Fla. 1996). The *Zell* Court made clear that Florida law recognizes only those claims involving "physical injuries caused by emotional distress [and] refuse[s] to recognize a claim for psychic harm alone." *Id.* at 1052 & n.4 (citing *Champion v. Gray*, 478 So.2d 17, 20 (Fla. 1985); quoting *Brown v. Cadillac Motor Car Div.*, 468 So.2d 903, 904 (Fla. 1985) (holding that "psychological trauma must cause a demonstrable physical injury such as death, paralysis, muscular impairment, or similar objectively discernible physical impairment")).

In the instant case, Plaintiffs Kiffanie, Felicia and Michael Bell have not attempted to allege a single discernible physical impairment in their complaint, relying instead on vague allegations of "concern [for] Michael [II]'s physical and mental well-being" and "suffering, anxiety, mental anguish and other such intangible losses." (Doc. No. 19, ¶¶ 16, 25). These

allegations fail to satisfy the physical injury requirement restated in *Zell*, and even the most lenient application of the standard of review does not permit Plaintiffs to overcome this fatal deficiency in their pleadings merely by stating in a legal memorandum that they "have suffered and continue to suffer physically from the incident...and [such] evidence can be produced at trial."[1]  (Doc. No. 24, ¶ 8).  Accordingly, to the extent that Kiffanie, Felicia and Michael Bell assert claims for negligent infliction of emotional distress, the Court will grant Defendant's motion to dismiss those claims.

Defendant also argues that Felicia and Michael Bell, insofar as they assert claims of negligence in their individual capacities as the parents of Michael Bell, II, are limited as a matter of law to seeking recovery only of their pecuniary losses arising from medical expenses related to their son's accident or from the loss of his services.  (Doc. No. 20, p. 3).  In support of its position, Defendant relies on *City Stores Co. v. Langer*.  308 So.2d 621 (Fla. 3d DCA 1975) ("[T]here can be no recovery by a parent...for the suffering, pain, embarrassment and/or humiliation caused the parent by the injuries of the child.") (citing *inter alia Wilkie v. Roberts*, 109 So. 225 (Fla. 1926)).  Plaintiffs have not addressed this issue in their response brief.

The Court notes that in its reliance on *City Stores*, Defendant has overlooked the more recent allowance by Florida courts of recovery for loss of filial consortium, which includes "loss of companionship, society, love, affection, and solace of the injured child, as well as ordinary day-to-day services that the child would have rendered." *United States v. Dempsey*, 635 So.2d

---

[1] Because the Court finds that Kiffanie Bell has not alleged a physical injury and thus has not stated a claim for negligent infliction of emotional distress, the Court does not address Defendant's argument that, under Florida law, the sibling of a person injured by a tortious act does not have a sufficiently close personal relationship to the injured person to satisfy the fourth requirement set forth in *Zell*.

961, 965 (Fla. 1994).  However, such a right to recovery exists only where the loss of consortium stems from "a significant injury resulting in the child's permanent total disability." *Id.* Furthermore, recovery is permitted only for the loss suffered during the period before the child becomes an adult.  *See Cruz v. Broward Co. School Bd.*, 800 So.2d 213, 217 (Fla. 2001).

      Even if the Court were to generously construe the allegation of Felicia and Michael Bell's "suffering, anxiety, mental anguish and other such intangible losses" as a claim for the loss of Michael Bell, II's companionship, society, love and affection, the parents have failed to allege that their son sustained a significant injury resulting in his permanent total disability.  The Court will grant the motion to dismiss to the extent that Plaintiffs assert a claim for damages beyond those costs incurred for Michael Bell, II's medical treatment and any pecuniary loss of his services arising from the alleged accident.

*Products Liability*

      In the second count of their complaint, Plaintiffs assert a products liability claim, alleging that their injuries were caused by "Defendants' designing, manufacturing, fabricating, assembling, inspecting, marketing, distributing and/or selling the subject seat or car in a defective condition" or "without proper and adequate warnings, instructions, and/or guidelines for its sage use."  (Doc. No. 19, ¶¶ 31, 32).  Defendant moves the Court to dismiss this claim on the ground that Florida law does not permit recovery on the theory of products liability in cases involving injury on an amusement ride.  (Doc. No. 20, p. 2; Doc. No. 32, filed Dec. 21, 2004).

      In support of its argument, Defendant cites a Florida appellate court decision which states that "[p]rinciples of strict liability do not apply to structural improvements to real property." *Craft v. Wet 'N Wild, Inc.*, 489 So.2d 1221, 1222 (Fla. 5th DCA 1986) (citing *Jackson v. L.A.W.*

*Contracting Corp.*, 481 So.2d 1290 (Fla. 5th DCA 1986)).  In *Craft*, the plaintiff asserted a claim of strict product liability after he sustained injuries while riding the defendant's large water slide. *Id.*  The court found that the slide had been manufactured on site as a structural improvement to the defendant's property and that strict liability was inappropriate.  *Id.*  In his concurring opinion, Judge Dauksch explained that the slide had been constructed of mounded and shaped soil and poured concrete and thereby concluded that "[t]he structure is incorporated into the land and is not built upon and attached to the land."  *Id.*  (Dauksch, J., concurring).  The exact type of ride from which Michael Bell, II was allegedly thrown is unclear from the complaint.  However, Plaintiffs' allegations that the child was riding in a seat or car with a door which came open during operation allow an inference that the ride was of a mechanical nature built upon and attached to the land rather than incorporated into the land, making it distinguishable from the water slide in *Craft*.  (Doc. No. 19, ¶¶ 12, 31–32).

Florida's doctrine of strict liability applies to products placed in the stream of commerce by their manufacturer with a defect which causes injury to a consumer.  *See Chadbourne, Inc. v. Vaughn*, 491 So.2d 551, 553 (Fla. 1986) (emphasis added) (citing *West v. Caterpillar Tractor Co.*, 336 So.2d 80, 86 (Fla. 1976); *Restatement (Second) of Torts* § 402A (1965)).  The Court's exhaustive research has yielded no Florida case law specifically addressing the strict liability of theme park operators for injuries caused by their rides.  However, courts in other states have refused to apply the theory of strict liability in actions against theme park or carnival operators which maintained possession and control of their rides, reasoning that such operators were not engaged in selling or manufacturing a product but instead were providing a service.  *Compare Greenwood v. Busch Entm't Corp.*, 101 F. Supp. 2d 292, 295 (E.D. Pa. 2000) (quoting

*Restatement (Third) of Torts: Prods. Liab.* § 20 cmt. d) (strict liability inappropriate in case involving injury on water slide, distinguishing attributes of sale, lease or bailment of product from provision of service in which "the product is not used up or consumed"); *Sells v. Six Flags Over Texas, Inc.*, 1997 WL 527320, *2–3 (N.D. Tex. 1997) (amusement park owner not strictly liable where it did not relinquish possession of airplane ride to patron but maintained control of ride at all times); *Bobryk v. Lincoln Amusements, Inc.*, 1996 WL 24566, *4–5 (Conn. Super. 1996) (operator of flying chairs ride not subject to strict liability because injured patron's purchase of admission ticket did not entitle her to exercise dominion and control over ride apparatus and thus did not constitute lease or bailment of a product); *Siciliano v. Capitol City Shows, Inc.*, 475 A.2d 19, 25 (N.H. 1984) (no strict liability where ride provided by carnival operator was not product but service which conveyed no property rights in the ride) *with Gray v. Snow King Resort, Inc.*, 889 F. Supp. 1473, 1477, 1479 (D. Wyo. 1995) (owner/operator of ride strictly liable where patron was bailee of wheeled bob-sled which he controlled and navigated down slide); *Golt v. Sports Complex, Inc.*, 644 A.2d 989, 993 (Del. Super. Ct. 1994) (strict liability applicable where park's transfer of possession and control of go-cart to patron constituted bailment).

At this stage of the instant litigation, the record is undeveloped with regard to what type of amusement ride allegedly caused injury to Michael Bell, II and whether the child was a mere passenger while Defendant maintained control and possession of the ride or whether a bailment occurred. Therefore, dismissal of Plaintiffs' products liability claim as to Defendant Universal City Development Partners, L.T.D., owner and operator of the Islands of Adventure theme park, is premature. Moreover, Plaintiffs have asserted their strict liability claim against not only the

owner and operator of the ride but against unnamed Defendants, John Does A through G.  As discovery is conducted, the identity of the ride's designer and manufacturer who may have placed the product in the stream of commerce for purposes of the products liability doctrine may be revealed.  Accordingly, the Court will deny Defendant's motion to dismiss Count II of the complaint.

## Conclusion

Based on the foregoing, Defendant Universal City Development Partners, L.T.D.'s Motion to Dismiss (Doc. No. 20) is **GRANTED** in part and **DENIED** in part.  Count I of the Amended Complaint (Doc. No. 19) is dismissed to the extent that Kiffanie, Felicia and Michael Bell [I] assert claims for negligent infliction of emotional distress and insofar as Felicia and Michael Bell [I] assert a claim for damages beyond those costs incurred for Michael Bell, II's medical treatment and the pecuniary loss of his services arising from the alleged accident. Plaintiffs shall have leave to file a First Amended Complaint within ten (10) days from the date of this Order.

**DONE** and **ORDERED** in Chambers in Orlando, Florida this __2nd__ day of May, 2005.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record